UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKIESHA ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV00071 AGF (NAB) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge to who the case was referred for review. The Magistrate Judge recommends affirming the January 28, 2011 decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Plaintiff had alleged a disability onset date of March 1, 1998. Plaintiff has filed objections to the Report and Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). For the reasons set forth below, the objections to the Report and Recommendation are overruled, and the decision of the Commissioner denying benefits shall be affirmed.

The ALJ found that Plaintiff had the "severe" impairments of diabetes milletus, pancreatitis, obstructive sleep apnea, and obesity.[1] The ALJ explained that these were "severe" impairments because they precluded Plaintiff from performing the full range of work at all the exertional levels of work defined in the Commissioner's regulations, namely, work at the very heavy or heavy exertional levels. But, the ALJ found, Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at the medium exertional level. Applying this RFC and Plaintiff's age (27 years old), education (limited), and work experience (none) to the Commissioner's Medical-Vocational Guidelines resulted in a finding of not disabled.

In her objections, Plaintiff argues that the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the analysis of Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ erred in failing to find any nonexertional limitations despite finding severe impairments, especially obesity and sleep apnea, that would be expected to cause nonexertional limitations. Thus, according to Plaintiff, she could not perform the full range of medium work and the ALJ committed reversible error in relying on the Medical-Vocational Guidelines for a finding of not disabled. Plaintiff also argues that the ALJ's gave invalid reasons for finding Plaintiff's testimony and allegation not credible.

Upon de novo review of the record, including the administrative transcript, the Court believes that a close question is presented as to whether the ALJ properly determined that Plaintiff did not have non-exertional impairments that precluded her from

---

[1] Medical records from October 13, 2008, state that Plaintiff weighed 290 pounds at 72 inches (Doc. No. 10-8 at 5); there is no suggestion in the record that Plaintiff lost any significant weight since then.

performing the full range of medium work. Obesity does not always impose non-exertional impairments that preclude the full range of work in a particular work category, or more particularly, the full range of medium work. *See Kemnitz v. Astrue*, 388 F. App'x 573, 574 (8th Cir. 2010) (affirming the district court's decision that affirmed the ALJ's denial of disability benefits, based on the ALJ's finding that the plaintiff who was obese retained the RFC to perform the full range of medium work).

As Plaintiff recognizes, the ALJ's decision was based in large part on his finding that Plaintiff lacked credibility with regard to the severity of her impairments. The Court concludes, as did the Magistrate Judge, that the ALJ's reasons for discrediting Plaintiff's allegations are sufficient to warrant deference from the Court. *See, e.g., McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) (if the ALJ explicitly discredits claimant and gives good reasons for doing so, the reviewing court normally defers to the ALJ's credibility determination).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the United States Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

                                                    ***/Audrey G. Fleissig/***_____
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2013.